UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YALILE LEAL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-5768** |
| **WAL-MART STORES, INC.** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER & REASONS

Before the Court is **Defendant's Rule 12(b)(6) Motion to Dismiss (R. Doc. 15)** filed by Wal-Mart Stores, Inc. seeking an Order from the Court to dismiss Plaintiff's suit pursuant to Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted. The motion is opposed. R. Doc. 18. The motion was submitted on January 27, 2016, and decided on the briefs.

**I.     Factual Background**

Yalile Leal filed this lawsuit contending that Wal-Mart discriminated against her by overlooking her for promotions and not paying her the same pay as men. R. Doc. 1, p. 4. Leal worked at various Wal-Mart stores over the last fifteen years and worked in different departments and different positions. She worked as a cashier, customer service representative, lay-a-way clerk, overnight stocker, and in accounting. *Id.* at 4. She contends that she became interested in a management position early on and became a support manager in the automotive department but later stepped down because of personal reasons. She contends that she later sought to reenter management but was told that no positions were available, although she observed men who were less qualified being promoted into management. She also complains that male employees were paid more than her, received higher raises, and better bonuses for the same or similar work. *Id.* at

6. Leal therefore seeks seeks damages for past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and attorney's fees and costs.

As to the instant motion, Wal-Mart seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because: (1) her EEOC charge did not set forth sufficient factual allegations such that she failed to exhaust the available administrative remedies; (2) allegations in her complaint are outside the scope of her EEOC charge; (3) any claims between July 19, 1999, and August 23, 2000, are time-barred because they occurred 300 days before the *Dukes* class action was filed; (4) her failure to promote claim is time-barred because the *Dukes* district court disallowed any promotion claim for which "objective application data" does not exist; (5) her attempt to incorporate "similarly situated females" as a class allegation is procedurally barred and untimely; and (6) her complaint fails to allege sufficient facts to meet the pleading requirement of Rule 8 of the Federal Rule of Civil Procedure. R. Doc. 15.

In opposition, Leal maintains that: (1) her EEOC charge sufficiently placed Wal-Mart on notice of her claims; (2) the claims in her EEOC charge need not mirror the claims in her complaint; (3) she is allowed to rely on Stephanie Olde's timely filed October 1999 charge to establish the timeliness of her own EEOC charge; (4) her failure to promote claim is not time-barred because the *Dukes* district court certified all promotion claims and only limited the remedy of some promotions claims to injunctive and declaratory relief; and (5) her complaint meets the pleading requirement as it contains short and plain statements of her claims. R. Doc. 18.

## II.     Standard of Review

Under Rule 12(b)(6), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed.R.Civ.P. 12(b)(1). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1)

for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See id.*

### III. Analysis

#### A. Whether Plaintiff's Gender Discrimination Claims are Procedurally Barred

Wal-Mart contends that Leal's claims are barred procedurally because she did not exhaust her administrative remedies and she failed to specifically plead acts of gender discrimination in her EEOC charge. R. Doc. 15-1, p. 10. Wal-Mart contends that she did not identify any specific acts of gender discrimination such as her pay rate, the rates paid to male employees, and specific promotions she was denied. Further, Wal-Mart maintains that there is no indication that Plaintiff responded to the EEOC's request for specific information regarding her charge. *Id.* at 12.

In response, Plaintiff contends that she exhausted her administrative remedies because the Fifth Circuit does not require her to "recite specific incantation" or "allege a *prima facie* case before the EEOC." R. Doc. 18, p. 7. Further, Plaintiff contends that her EEOC charge contained sufficient information including the stores that she worked, her dates of employment, her status as an hourly employee at each store, she was not paid nor promoted on par with her male counterparts, and her promotion efforts were ignored in favor of males. *Id.* at 9-10. Moreover, in line with EEOC's regulations, Plaintiff states that her charge was "in writing, signed, and verified." *Id.* at 10.

The filing of an EEOC charge is a prerequisite to bringing a Title VII action. *Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 839 (E.D. Tex. 2014), *see also Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970). A condition precedent to bringing a Title VII action in federal court is the exhaustion of available administrative remedies. *Taylor v. Books A*

*Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when an individual files a timely charge of discrimination with the EEOC and subsequently receives a statutory notice from the EEOC of the right to sue. *Id.* at 379. If, by looking to either the factual allegations or the checked boxes, a specific type of discrimination claim could reasonably be expected to grow out of the allegations in an EEOC charge, then the plaintiff has exhausted her administrative remedies. *See Briggs v. DART Regional Rail Right of Way Co.*, 2005 WL 3133505 (N.D.Tex. Nov. 23, 2005). The Fifth Circuit has stated that "the crucial element of a charge of discrimination is the factual statement contained therein." *Sanchez*, 431 F.2d at 462.[1]

The primary purpose of the EEOC charge is to provide notice of charges to respondents, to allow them to preserve evidence and to facilitate the voluntary compliance and conciliation functions of the EEOC. *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). Thus, the Fifth Circuit does not require that a Title VII plaintiff "check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006). "Nor does [the Fifth Circuit] require, for purposes of exhaustion, that a plaintiff allege a *prima face* case before the EEOC." *Id.*

Instead, the plaintiff's administrative charge must be read somewhat broadly, in a fact-specific inquiry into what EEOC investigations it can reasonably be expected to trigger. *Id.* A plaintiff only needs to plead facts sufficient to inform the defendant of the claims that the plaintiff intends to pursue. *Ollie v. Plano Indep. School Dist.*, 565 F.Supp.2d 740 (E.D. Tex. 2007)(citing

---

[1]Moreover, "[a] charge of discrimination must be filed "in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). The EEOC's regulations also require that a charge be in writing, signed, and verified. 29 C.F.R. §§ 1601.9, 1601.3(a). This requirement is designed to protect employers from the filing of frivolous claims. *Price v. Southwestern Bell Telephone Co.,* 687 F.2d 74 (5th Cir. 1982). In addition, to be sufficient a charge "should contain . . . [t]he full name and address of the person against whom the charge is made" and "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." *Id.* § 1601.12(a). A sufficient charge will "identify the parties, and [ ] describe generally the [complained of] action or practices." *Id.* § 1601.12(b).

*Swierkiewicz v. Sorema*, 534 U.S. 506, 511–12 (2002)). Having outlined the pleading requirement, the Court will now examine Plaintiff's EEOC charge.

Here, Plaintiff's EEOC charge states that she is a former member of the class in *Dukes* and that her charge was timely filed pursuant to deadlines set by the district court after the Supreme Court decertified the class. The charge lists the stores that she worked during her employment with Defendant and provided her start and end dates. R. Doc. 15-2, p. 2. Plaintiff also responded to an EEOC questionnaire with additional information and checked the boxes for "wages" "promotion" and "training" in response to "State which discriminatory practices you were subject to." R. Doc. 16-7, p. 2. Plaintiff's EEOC questionnaire also includes a description of her claims.

For her wage claim, Plaintiff states that during her employment she was paid less than her male counterparts with equal or less tenure or experience. She claims that although Wal-Mart discourages employees from discussing their pay, she overheard unidentified males saying that they were making more money than their female counterparts.

Plaintiff also states that Wal-Mart engaged in discriminatory practices regarding management track promotions. R. Doc. 18-7, p. 2. She states that she frequently expressed interest in promotions and the manager-training program but was ignored consistently. *Id.* Further, Plaintiff states that although she was told that no management positions were available, she continued to observe males promoted into management. *Id.*

Based on the above case law, Plaintiff has sufficiently plead facts to inform Wal-Mart of the claims she intends to pursue. Plaintiff's charge was in writing, signed, verified and included a concise statement of the facts. Specifically, the charge identified the stores in which she worked, her dates of employment, that she was an hourly employee, and the type of discrimination at issue (pay and/or promotion). Therefore, Leal's claims are not procedurally barred.

> **B.  Whether Plaintiff's Complaint Asserts Factual Allegations that are Outside the Scope of her EEOC Charge**

Defendant argues that Plaintiff's complaint asserts facts that are not mentioned in her EEOC charge. R. Doc. 15-1, p. 16. In particular, Defendant maintains that Plaintiff's complaint cites her husband's promotion to support manager as an example of less qualified males being promoted over her. *Id.*

In response, Plaintiff argues that the claims in her complaint do not need to mirror the claims in her EEOC charge. R. Doc 18, p. 11. Plaintiff contends that factual allegations claims only need to arise out of the scope of the EEOC investigation that are reasonably expected to grow out of the charge of discrimination. Plaintiff argues that any additional facts in her complaint merely provide additional details of the claims in her EEOC charge. *Id.* at 12.

A Title VII suit may "extend as far as, but not further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Simmons–Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, (5th Cir. 2013)(quoting *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)). In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*

Here, Plaintiff merely provides additional facts in her complaint that were not in her EEOC charge. In particular, she identifies the names of her manager that hindered her chances of being promoted and stated that her husband was promoted to a support manager position though he was not as qualified as she. R. Doc. 1, p. 5. This is not an issue in which the Plaintiff is attempting to assert wholly new claims and the Court must determine whether the new allegations were reasonably expected to grow out of the EEOC charge. The additional information that Plaintiff

provides directly relates to her EEOC charge in which she alleges a failure to promote based on her gender (female). Accordingly, Defendant's motion is denied on this issue.

### C.     Whether Plaintiff's Claims are Timely

Wal-Mart maintains that to the extent Plaintiff asserts claims arising from conduct between July 19, 1999 and August 23, 2000, those claims are time-barred because they occurred 300 days before the *Dukes* class action was filed. R. Doc. 15-1, p. 12. Further, Defendant argues that Plaintiff's failure to promote claim is time-barred because failure to promote claims for which "objective application data" does not exist was not certified previously as a part of the class action. *Id.* Thus, since the *Dukes* district court issued its order on June 21, 2004, any uncertified claims would have prescribed, at the latest, 300 days later on April 18, 2005. Defendant contends that Plaintiff's failure to promote claim is now time barred unless she can produce "objective application data." *Id.*

In response, Plaintiff seeks to use the timely EEOC filing of Stephanie Odle ("Odle")[2] to apply the "single filing" rule to establish the timeliness of her claims. R. Doc. 18, p. 13. Plaintiff contends that Defendant is estopped from arguing that her claims are untimely because federal courts[3] have ruled on this issue and held that former *Dukes* litigants are able to rely on Odle's October 1999 charge. *Id.* at 15. Regarding her promotion claim, Plaintiff argues that the *Dukes* district court did not decline to certify claims where "no objective data exits."[4] Instead, the Court

---

[2] Odle is a former named representative from *Dukes*, who entered the case when plaintiff Betty Dukes filed an amended complaint that included Odle as one of the putative named plaintiffs. Odle was dismissed as a named representative for improper venue, but remained a putative class member. *See Catlin v. Wal-Mart Stores, Inc.*, 2015 WL 4964671, at *7-8 (D. Minn. Aug. 19, 2015). Odle filed her EEOC charge in October of 1999.

[3] These courts include the United States District Court for the District of Minnesota in *Catlin v. Wal-Mart, Stores, Inc.*, 2015 WL 496471, at *7-8 (D. Minn. Aug 19, 2015) and United States District Court for the Northern District of California in *Dukes v. Wal-Mart Stores, Inc.*, 2012 WL 4239009, at *6-7 (N.D. Cal. 2012).

[4] Defendant's motion does not define "objective application data" as it relates to promotion claim. However, the Court's research reveals that objective application data refers to data derived from applying for promotion through

certified all promotion claims and limited the remedy to injunctive and declaratory relief when there was no "objective data." R. Doc. 18, p. 17. Plaintiff also contends that Defendants are estopped from arguing that the promotion claim were not certified as the issue was presented before the United States District Court for the District of Minnesota and the Court held that the *Dukes* district court did not decline to certify promotion claims that lacked objective data. *See Catlin v. Wal-Mart Stores, Inc*, 2015 WL 4964671 (D. Minn. Aug. 19, 2015). Plaintiff maintains that Defendant is imposing an evidentiary standard that goes beyond the realm of a motion to dismiss. *Id.* at 19.

Under the "single filing" rule, a named plaintiff who filed a timely EEOC charge may bring a class action on behalf of class members who have not filed such a charge; thus, a class representative's timely EEOC charge tolls the statute of limitations for all putative class members to file charges. *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006); *see also Dupliessie v. Zale Corp.*, 2005 WL 1189840, at *1 (N.D. Tex. May 18, 2005)("It is well established that a Title VII plaintiff may bring a class action on behalf of those members who have not filed charges with [the] EEOC and that [the] charge [filed by the plaintiff] tolls the running of the . . . limitation period for all members of the class."; *Clayborne v. Omaha Pub. Power Dist.*, 211 F.R.D. 573, 588–89 (D.Neb. 2002)(citations omitted)("[I]f the charge of a class representative being relied upon is timely and not otherwise defective, and the individual claims of the filing and non-filing plaintiffs have arisen out of similar discriminatory treatment in the same time frame, class members who have not filed a charge of discrimination are allowed to pursue their claims as part of the class action.").

---

Wal-Mart's formal system. *See Dukes v. Walmart,* 222 F.R.D. 137, 182 (N.D. Cal. 2004); *Catlin v. Wal-Mart Stores, Inc, 2015 WL 496467*, at *8 (D. Minn. Aug. 19, 2015).

Plaintiff seeks to use the EEOC charge of Odle for purposes of applying the "single filing" rule. Courts have held that *Dukes* plaintiffs may rely on Odle's EEOC charge, which encompasses conduct occurring on or after December 26, 1998, to establish the timeliness of their own EEOC charge. *See Catlin*, 2015 WL 4964671, at *7-8 ("[C]lass members like [the Plaintiff] can rely on the timely charges of Odle.")[5]; *Dukes*, 2012 WL 4329009, at *9 ("[T]his Court already ruled that the putative members of the originally proposed class were entitled to 'coattail' on Odle's charge").[6]

Further, Plaintiff is within the class certified by the district court of: "all women employed at any Wal–Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal–Mart's challenged pay and management track promotions policies and practices." *Dukes v. Walmart*, 222 F.R.D. 137, 188 (N.D. Cal. 2004)(emphasis added). Thus, Plaintiff's claims that relate to conduct from July 19, 1999 to August 23, 2000, are not time-barred because she may rely on the EEOC charge of Odle whose charge included conduct occurring on or after December 26, 1998.[7]

---

[5] The Court furthered reasoned that "[i]n sum, tolling started on the date *Dukes* was filed, the tolling covered all members of class, that class included Catlin, that class also included Odle who was allowed to extend tolling with respect to charge-filing for exhaustion purposes for all class members and tolling continued until the date identified in the California district court's order relating to tolling which required Catlin to file her charge by May 2012, which she did. Thus, Catlin's charge and suit are timely for purposes of this lawsuit." *Id.* at *8.

[6] *See e.g., Dukes v. Wal–Mart Stores, Inc.*, 2002 WL 32769185 at *9 (N.D. Cal. Sept. 9, 2002)( [T]his Court finds that for statute of limitations purposes under Title VII, the timeliness of [proposed Plaintiffs] Gunter and Williamson's claims can be established by former class representative and current class member Stephanie Odle's charges. Wal–Mart received notice . . . [and] [t]he statute of limitations was tolled as to all class members with that filing. This Court's later dismissal of Odle [as a named representative] does not vitiate the notice occasioned by her charges. Accordingly, this Court finds that Gunter and Williamson, who both claim that they were employed and subject to discrimination as late as August 1999 (Gunter) and October 1999 (Williamson), need not file additional charges, as they may rely on the administrative compliance of former representative plaintiff and current class member (Odle), whose earliest charge was filed in October of 1999.")

[7] The Court does not reach Leal's argument that collateral estoppel precludes the re-adjudication of this issue.

Regarding the timeliness of the promotion claim, in the underlying *Dukes* litigation, the Court allowed the failure to promote claims where there was no data to support them but limited the recovery. The *Dukes* district court explicitly stated:

> The Court certifies the following class for purposes of liability, injunctive and declaratory relief, punitive damages, and lost pay, *except* that **class members for whom there is no available objective data documenting their interest in challenged promotions shall be limited** to injunctive and declaratory relief **with respect to plaintiffs' promotion claim**: All women employed at any Wal–Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal–Mart's challenged pay and management track promotions policies and practices.

*Dukes*, 222 F.R.D. at 188 (emphasis added).

With respect to Plaintiff's available remedies, taking her allegations as true, she alleges that: she expressed interest in becoming a manager, entered into the manager training program, yet her attempts to enter management were blocked by her store manager, and that despite her qualifications she was passed over for males employees that were not as qualified as her. R. Doc. 1, p. 4-5. This sufficiently supports the inference that promotion opportunities were posted[8] and that her interest may have been tracked in Defendant's system for which objective data would exist. Thus, at this early juncture of litigation, Plaintiff's claim does not fall within the universe of claims that the *Dukes* district court limited. Accordingly, Plaintiff's allegations are not precluded by the *Dukes* district court's analysis and are sufficient at this state in the proceeding to state a claim upon which relief may be granted.

---

[8] *See Dukes*, 222 F.R.D. at 182 (examining Wal-Mart job posting system)("Where, however, promotional opportunities were posted, Wal–Mart's advanced personnel system does contain objective applicant data documenting which class members were interested in each such promotion. In particular, two corporate electronic databases— known as Job Posting Data for hourly job vacancies, and Management Career Selection (MCS) for salaried vacancies – contain the identities of the individual applicants for posted positions. Thus, with respect to all posted positions, the Court finds that it can readily identify through objective data those class members who were both qualified and interested in promotional opportunities – and thus were potential victims of any proven discriminatory policy. Accordingly, for this subset of the class, the Court is confident that it could manageably determine which class members would be eligible to share in a formula-derived, lump sum backpay award to the class.") (internal citation omitted).

11

### D. Whether Plaintiff's Attempt to Incorporate "Similarly Situated Females" as a Class Allegation is Procedurally Barred and Untimely

Defendant argues that to the extent Plaintiff's EEOC charge and her complaint allege that other "similarly situated females were discriminated on the basis of sex" those claims are procedurally barred and untimely. R. Doc. 15-1, p. 13. Defendant argues that class allegations were specifically rejected by the Supreme Court and that the *Dukes* district court extended tolling for individual claims of discrimination, not class claims. *Id.* Plaintiff's opposition does not address this issue.

Although Plaintiff's EEOC charge broadly refers to "female employees who were similarly situated," her complaint does not make such a reference. *See* R. Doc. 15-2, p. 3. A class action is commenced by the filing of a complaint seeking class certification in the district court. *See e.g.*, *Mabary v. Hometown Bank, N.A.,* 276 F.R.D. 196, 201 (S.D.Tex. 2011). Plaintiff filed her complaint as an individual and does not include any reference to a class action in her complaint filed in this court. Accordingly, Defendant's motion is denied on this issue.

### E. Whether Plaintiff Has Plead Sufficient Facts to Meet the Pleading Requirement of Rule 8 of the Federal Rules of Civil Procedure

Defendant maintains that Plaintiff's complaint does not assert sufficient facts to state a claim upon which relief may be granted and fails to meet the pleading requirement under Rule 8 of the Federal Rules of Civil Procedure. R. Doc. 15-1, p. 14. Regarding her discriminatory compensation claim, Defendant maintains that the complaint does not allege when acts occurred, her job assignments, pay difference, or the names of males who received higher compensation for the same work. *Id.* Further, her promotion claim does not allege which position she applied for and was denied, when the discriminatory conduct occurred, or the qualifications of the males who were promoted over her. *Id.* at 15.

In opposition, Plaintiff contends that her complaint meets the requirement of FRCP 8 as it states a short and plain statement of her claim. R. Doc. 18, p. 20. Plaintiff then restates the allegations in her complaint.[9]

The notice pleading standard is well established in the federal system. In *Erickson v. Pardus,* the United States Supreme Court stated that to meet the requirements of federal notice pleading, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 551 U.S. 89, 93 (2007) (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 555). This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted. Moreover, dismissal is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Causey v, Sewall Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Unlike the summary judgment standard that requires an evidentiary pleading standard, the plaintiff only needs to allege sufficient facts at this stage to give the Defendant fair notice of the claims and the grounds upon which they rests. *See Parker v. State of La. Dep't of Educ. Special Sch. Dist.*, 2007 WL 2751213, at *1-2 (M.D. La. Sept. 18, 2007) (citing *Swierkiewica v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992 (2002)).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

---

[9]For her promotion claim, she states that: (1) although she expressed interest in the manager training program, her requests were ignored; (2) while she was told that management positions were unavailable, she consistently saw men being promoted into management; (3) after she passed the manager training test, her store manager Tommy, whose last name is unknown, blocked her from being hired at other stores; and (4) that when she and her husband applied for the same management position, her husband was hired despite being less qualified than her. *Id.* at 21. With respect to her pay claim, Plaintiff alleges that she learned that Defendant's male employees were paid more than she for the same job. Further, it was common knowledge that Defendant's male employees were paid more and received higher raises and better bonuses than females for the same job. R. Doc. 18, p. 22.

terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C.A. § 2000e-2(a)(1).

Here, the Plaintiff's allegations set forth that she was not promoted to a management position because of her gender despite being qualified and positions being available, as evident by males being promoted into management.[10] Further, Plaintiff alleges that although Defendant discouraged employees from discussing pay, she learned that male employees were paid more than her for the same job. Plaintiff also states that it was common knowledge that male employees were paid more and received better bonuses and raises than female employees.[11] These allegations, accepted as true, are enough to make out a cognizable claim, provide fair notice to the Defendants of her claims, and raise a reasonable expectation that discovery will reveal evidence of the claims. Accordingly, the Court finds that Plaintiff's complaint alleges sufficient facts to state a claim upon which relief may be granted.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the **Defendant's Rule 12(b)(6) Motion to Dismiss (R. Doc. 15)** is **DENIED**.

New Orleans, Louisiana, this 6th day of May 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] The elements of failure to promote under Title VII are, Plaintiff (1) is a member of a protected class; (2) was qualified for the position sought; (3) was not promoted; and (4) the position that sought was filled by someone outside of his protected class. *See Smith v. Woman's Hospital, et al.*, 2016 WL 1626618 (M.D. La. Apr. 21, 2016) (quoting *Burrell v. Crown Cent. Petroleum*, Inc., 255 F. Supp. 2d 591, 616 (E.D. Tex. 2003)).

[11] The elements of pay discrimination under Title VII are, Plaintiff (1) is a member of a protected class; and (2) she was paid less than a nonmember for work that required substantially the same responsibility. *See E.E.O.C. v. Guardsmark, LLC*, 2011 WL 1668400, at *8 (S.D.Tex. May 3, 2011).