UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YALILE LEAL | CIVIL ACTION |
| VERSUS | NO:     15-5768 |
| WAL-MART STORES, INC. | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER

Before the Court is a **Motion for Partial Reconsideration of the Court's August 15, 2016 Order (R. Doc. 44)** filed by Plaintiff Yalile Leal seeking an order from the Court to reconsider its order finding the Plaintiff's claims arising before October 22, 1999 as time-barred. The motion is opposed. R. Doc. 47. The motion was submitted on September 28, 2016. For the following reasons, the motion is **DENIED**.

### I.      Background

The facts of this case are well known to this Court as it considers a second motion for reconsideration stemming originally from its order on Defendant Wal-Mart Stores, Inc.'s motion to dismiss. Briefly, the Plaintiff Yalile Leal filed this action alleging that the Defendant discriminated against her by overlooking her for promotions and paying her less than men. R. Doc. 1, p. 4. The Defendant filed a motion to dismiss Plaintiff's claims, which was denied. R. Doc. 31. Thereafter, the Defendant moved for partial reconsideration arguing that the Plaintiff was not entitled to piggyback on Stephanie Odle's charge filing date and, alternatively, that Leal's claim should be tolled up to October 22, 1999. R. Doc. 33. The Court granted the motion in part, finding that the Plaintiff's claim was indeed time-barred for all claims preceding October 22, 1999. R. Doc. 41.

At this time, the Plaintiff has filed a motion to reconsider the Court's order on the motion previously filed motion for reconsideration. R. Doc. 44. In particular, the Plaintiff argues that the Court erroneously found that the Plaintiff's claims arising prior to October 22, 1999 were time-barred.

## II.     Standard of Review

A court has considerable discretion to grant or to deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.,* No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D.La. Feb. 3, 1998), *aff'd,* 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.,* Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D.La. Aug. 30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.,* 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir.2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487,* 328 F.3d 818, 820 (5th Cir. 2003)).

## III.    Analysis

The Plaintiff has filed a motion for reconsideration of the Court's order finding that the Plaintiff's claims arising prior to October 22, 1999 were time-barred. R. Doc. 44-1, p. 1-2. In particular, the Plaintiff argues that the statute of limitations period for her claims was tolled under the "single filing rule." *Id.* at p. 5. The Plaintiff argues that the statute of limitations period is the same as the class period established under the singe filing rule. *Id.* As such, the Plaintiff states that because the original class period filed in the *Dukes* litigation was set on December 28, 1998 based on Stephanie Odle's charge under the single filing rule, her claims should be tolled up to December

28, 1998. *Id.* Alternatively, the Plaintiff argues that Wal-Mart should be estopped from challenging the Plaintiff's timeliness argument. *Id.* at 12-13.

In opposition, the Defendant argues that Plaintiff has misconstrued applicable law from distinguishable, non-controlling cases and that the Court correctly ruled on the timeliness issue. R. Doc. 47, p. 2-3. The Defendant also argues that the Plaintiff has failed to identify a manifest injustice or, even if the Plaintiff's cases are on point, a manifest error of law by the Court. *Id.* 4-5. Finally, the Defendant argues that it has not been estopped because no court has ruled on this exact issue. *Id.* at 6-7.[1]

The Court has conducted a thorough review of the applicable single filing rule/piggybacking rule as applied in the Fifth Circuit. For the following reasons, the Court finds that its order finding all claims arising prior to October 22, 1999 is not a manifest error of law necessitating reversal of the Court's prior order. First, as an initial matter, the Fifth Circuit has noted that the "'single filing rule' is a 'carefully limited exception' that allows parties to '<u>opt-in to</u> a suit filed by any similarly situated plaintiff under certain conditions.'" *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006) (emphasis added) (quoting *Bettcher v. The Brown Schools, Inc.*, 262 F.3d 492, 493-94 (5th Cir. 2001)). "[T]his Circuit intended for the single filing rule only to permit a non-charging party to join or intervene in a lawsuit filed by a charging party who has properly exhausted the administrative requirements. . . .A non-charging party cannot bring her own independent lawsuit based upon another party's charge." *Id.* at 599. The Fifth Circuit has also allowed members of a class to piggyback onto a claim of a class

---

[1] The Court agrees that the Plaintiff's arguments that the Defendant should be estopped from making this argument are without merit. For collateral estoppel to apply, one of the prerequisites is that "[t]he issues at stake in the present action must be identical to those involved in the prior action." *Louviere v. Shell Oil Co.*, 588 F. Supp. 95, 97 (E.D. La. 1984). After review by this Court, this issue—the tolling of a claim to a period prior to date of Odle's filing of her charge after class decertification—has not been litigated in any prior case.

representative who has properly filed a charge with the EEOC. *Oatis v. Crown Zellerbach Corp.*, 398 F.3d 496, 499 (5th Cir. 1968).

At this point, it is important to note how the single filing rule applies in the instant case. The Plaintiff was originally a class member of a national class of female employees suing the Defendant; however, in 2011, the Supreme Court reversed the class certification. R. Doc. 1, p. 1-2. The Northern District of California thereafter extended the tolling period for former class members to file a charge with the EEOC under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974) to May 25, 2012. *Id.* at p. 2. The Plaintiff then filed charge with the EEOC within the extended time period in May, 2012. *Id.* The Plaintiff then filed suit after receiving a Right-to-Sue notice. *Id.* As such, the Plaintiff is not attempting to use the single filing rule to join or intervene in a suit or opt-in to a class for a failure to exhaust her administrative requirements. Indeed, the Plaintiff has filed her own charge and brought her own suit. Rather, the Plaintiff is attempting to use the single filing rule to extend the tolling period under *American Pipe* using a similarly filed charge by Stephanie Odle in a related manner. In its prior order, this Court found that the Plaintiff may piggyback on Odle's charge in determining the timeliness of her claims. R. Doc. 41, p. 3. However, that the Plaintiff may rely on Odle's charge does not necessarily mean that the Plaintiff may rely on the 300 days preceding the filing of Odle's charge.

In urging the Court to include the 300 days preceding the filing of Odle's charge, the Plaintiff cites a number of cases attempting to demonstrate that the Court's prior ruling was a manifest error of law. However, the majority of these cases are readily distinguishable and/or non-controlling. A number of cases cited by the Plaintiff involve the setting of a class for EEOC claims.[2] A number of cases also involve the timeliness of claims in multi-plaintiff, non-class action

---

[2] *Rodgers v. Target Corp.*, No. CIV.A. 08-1300, 2012 WL 4482422, at *2–3 (W.D. La. Sept. 28, 2012); *Lumpkin v. Coca-Cola Bottling Co. United*, 216 F.R.D. 380 (S.D. Miss. 2003); *Clayborne v. Omaha Pub. Power*

4

suits.[3] None of these cases addresses the tolling of claims in a separate suit filed by an individual plaintiff after class decertification or how the single file rule would alter this calculus.

Moreover, the Court is not convinced that the Plaintiff's reading of the Court's decision in *Catlin v. Wal-Mart Stores, Inc.*, 123 F. Supp. 3d 1123 (D. Minn. 2015) validates the Plaintiff's position. In *Catlin*, Plaintiff Loraine Catlin filed suit against the same Defendant here as a former class member in the *Dukes* litigation. Catlin's claim began on or around March 2000. *Id.* at 1125. In determining the timeliness of Catlin's claim, the District Court found that Catlin could rely on the single file rule to toll claims because "the statute of limitations is deemed tolled for all unnamed class members *at the time a class representative files* her administrative charge. . . ." *Id.* at 1132 (emphasis added). In reading the opinion, this Court is not convinced that the Court in *Catlin* intended to extend the tolling to December 28, 1998 not to the time of filing on October 22, 1999. Moreover, even if the Plaintiff's reading of the *Catlin* decision is correct, that Court's finding is not binding on this court. As discussed above, the single filing rule is "a carefully limited exception," *Price*, 459 F.3d at 598, in the Fifth Circuit, and without contrary, binding authority, the undersigned will not find that the rule creates such an extended tolling period. Therefore, the Court's prior ruling was not a manifest error of law. Nor is the Court's order manifestly unjust; the Court has found only approximately three months of at least thirteen years of claims to be timed-barred. R. Doc. 1, p. 3-4.

---

*Dist.,* 211 F.R.D. 573 (D. Neb. 2002); *Shannon v. Hess Oil Virgin Islands Corp.*, 100 F.R.D. 327 (D.V.I. 1983); *Movement for Opportunity & Equal. v. Gen. Motors Corp.*, 622 F.2d 1235 (7th Cir. 1980); *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239 (3d Cir. 1975); *Velez v. QVC, Inc.*, 227 F. Supp. 2d 384 (E.D. Pa. 2002).

[3] *Allen v. United States Steel Corp.*, 665 F.2d 689 (5th Cir. 1982); *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 (6th Cir. 1994); *Ezell v. Mobile Hous. Bd.*, 709 F.2d 1376, 1381 (11th Cir. 1983); *Ostin v. Gate Gourmet*, Inc., No. CV-01-466-ST, 2001 WL 34039106 (D. Or. Nov. 30, 2001); *Levy v. U.S. Gen. Accounting Office*, No. 97 CIV. 4016 (MBM), 1998 WL 193191 (S.D.N.Y. Apr. 22, 1998), *aff'd*, 175 F.3d 254 (2d Cir. 1999); *Allen v. Sears Roebuck And Co.*, No. 07-11706, 2010 WL 259069 (E.D. Mich. Jan. 20, 2010); *Franklin v. Sheet Metal Workers Int'l Ass'n Local Union No. 2*, 572 F. Supp. 2d 1095, 1114 (W.D. Mo. 2008), *aff'd in part, rev'd in part sub nom.*, 565 F.3d 508 (8th Cir. 2009); *Bowers v. Xerox Corp.*, No. 94-CV-6093T, 1995 WL 880773 (W.D.N.Y. May 5, 1995); *E.E.O.C. v. J.D. Streett & Co, Inc*., No. 05 CV 4186 JPG, 2006 WL 839444, (S.D. Ill. Mar. 29, 2006).

## IV. Conclusion

**IT IS ORDERED** that the Plaintiff's **Motion for Partial Reconsideration of the Court's August 15, 2016 Order (R. Doc. 44)** is **DENIED.**

New Orleans, Louisiana, this 18th day of October 2016.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**