## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YALILE LEAL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-5768** |
| **WAL-MART STORES, INC.** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

### ORDER

Before the Court is a **Motion for Limited Exception to a Protective Order (R. Doc. 62)** filed by the Plaintiff, Yalile Leal, seeking an order from the Court to allow for an exception to the protective order issued in *Dukes v. Wal-Mart* so that the Plaintiff can examine the relevant personnel data produced by the Defendant Wal-Mart Stores, Inc. in that case. The motion is opposed. R. Doc. 72. The motion was submitted on January 4, 2017. For the following reasons, the motion is **DENIED.**

## I.    Background

Yalile Leal filed this lawsuit contending that Wal-Mart discriminated against her by overlooking her for promotions and not paying her the same pay as men. R. Doc. 1, p. 4. Leal worked at various Wal-Mart stores over the last fifteen years and worked in different departments and different positions. She worked as a cashier, customer service representative, lay-a-way clerk, overnight stocker, and in accounting. *Id.* at 4. She contends that she became interested in a management position early on and became a support manager in the automotive department but later stepped down because of personal reasons. She contends that she later sought to reenter management but was told that no positions were available, although she observed men who were less qualified being promoted into management. She also complains that male employees were paid more than her, received higher raises, and better bonuses for the same or similar work. *Id.* at

1

6. Leal therefore seeks damages for past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and attorney's fees and costs.

The Plaintiff was originally a class member of a national class of female employees suing the Defendant in *Dukes v. Wal-Mart Stores, Inc.*, No. 01-2252 (N.D. Cal.) ("*Dukes*"); however, in 2011, the Supreme Court reversed the class certification. R. Doc. 1, p. 1-2. Prior to the class decertification, the Defendant produced in that litigation a host of personnel and compensation data for its stores. R. Doc. 62-1, p. 4. That information ("the Drogin Data") was designated as "confidential" pursuant to the protective order in that case. *Id.* The *Dukes* Court Protective Order states: "Document and information designated confidential in accordance with this Order shall be used solely for the purpose of this action or appeal. . . .No such documents or information designated as confidential pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, appeal and/or settlement of this action." R. Doc. 62-4, p. 31. The Protective Order goes on to state:

> If counsel for a Party herein shall hereafter desire to make confidential documents or information available to any person other than those referred to in paragraph 2 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure and inform counsel for the Party that designated the document confidential of their desire to make the disclosure. If counsel is subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 2, disclosure may be made only on such terms as the Court may order.

*Id.* at p. 32. Following the class decertification, the Court in *Dukes* apparently expressed an openness to future modifications of the protective order to allow future litigants the ability to access the Drogin Data. *Id.* at p. 4-5.

At this time, the Plaintiff now seeks access to this information. *Id.* at p. 10. As such, the Plaintiff filed the instant motion arguing that the Drogin Data is both relevant and proportional to the instant case and that the Court should issue an order which allows the Plaintiff to access that

data. Moreover, the Plaintiff argues that there is no burden for the Defendant as this information has already been produced to Dr. Richard Drogin. R. Doc. 62-1, p. 15.

In opposition, the Defendant argues that the Plaintiff is seeking irrelevant information that is disproportional to the needs of the case. R. Doc. 72, p. 1. Therefore, the Defendant argues that this is a fishing expedition that fails to demonstrate good cause to contravene the protective order issued in the prior litigation. *Id.*

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

## III.   <u>Analysis</u>

The Plaintiff has moved for a limited exception to the protective order issued in the *Dukes* litigation to allow her to review the Drogin Data. R. Doc. 62. However, a lengthy analysis of

whether the Plaintiff has demonstrated good cause for the modification of that protective order is unnecessary at this time. Simply put, this Court has no authority to issue an order modifying a protective order governing information in another litigation regardless of how receptive the other Court would be to such modification. *See In Re McBryde*, 117 F.3d 208, 225 (5th Cir. 1997) (quoting *Dhalluin v. McKibben*, 682 F. Supp. 1096 (D. Nev. 1988)) ("'[T]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.'"). The *Dukes* Protective Order makes clear that any confidential information in that case could only be used in that case absent some order from "the Court." R. Doc. 62-4, p. 29-36. Therefore, should the Plaintiff wish a modification of that protective order to view the confidential Drogin Data, she should file the appropriate motions in the appropriate district court.

IV.   **Conclusion**

Accordingly,

**IT IS ORDERED** that **Motion for Limited Exception to Protective Order (R. Doc. 62)** is **DENIED**.

New Orleans, Louisiana, this 5th day of January 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**