## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YALILE LEAL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-5768** |
| **WAL-MART STORES, INC.** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

### ORDER

Before the Court is a **Motion to Compel (R. Doc. 64)** filed by the Plaintiff, Yalile Leal, seeking an order from the Court to compel Defendant Wal-Mart to supplement its discovery responses with either the production of: 1) its PeopleSoft and Associate databases for the time periods when Plaintiff worked for Defendant in her various locations of employment, or 2) the individual comparator pay data from Plaintiff's various stores and positions. The motion is opposed. R. Doc. 71. The motion was submitted on January 4, 2015 and heard with oral argument on January 5, 2017.

### I.    Background

Yalile Leal filed this lawsuit contending that Wal-Mart discriminated against her by overlooking her for promotions and not paying her the same pay as men. R. Doc. 1, p. 4. Leal worked at various Wal-Mart stores over the last fifteen years and worked in different departments and different positions. She worked as a cashier, customer service representative, lay-a-way clerk, overnight stocker, and in accounting. *Id.* at 4. She contends that she became interested in a management position early on and became a support manager in the automotive department but later stepped down because of personal reasons. She contends that she later sought to reenter management but was told that no positions were available, although she observed men who were

less qualified being promoted into management. She also complains that male employees were paid more than her, received higher raises, and better bonuses for the same or similar work. *Id.* at 6. Leal therefore seeks damages for past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and attorney's fees and costs.

On July 8, 2015, the Plaintiff states that she served the Defendant with her initial discovery requests. R. Doc. 64-1, p. 2. In that request, the Plaintiff sought an electronic copy of the Defendant's PeopleSoft database and Associate database data for all employees who were employed by the Defendant in the same stores as the Plaintiff from 1999 through 2013. *Id.* at p. 2-3. The Defendant objected to that request as overly broad, unduly burdensome, irrelevant, and not calculated to lead to the discovery of admissible evidence. *Id.*

After the Plaintiff sent the Defendant a Rule 37 Letter, the Defendant supplemented that response with some employee pay data on October 4, 2016. The Plaintiff believed that the supplemental response was not sufficient. As such, the Plaintiff filed the instant motion. R. Doc. 64. The Defendant again supplemented its responses on November 18, 2016. On November 21, 2016, the Court conducted a discovery conference with the parties concerning the dispute at issue. R. Doc. 67. As instructed during that conference, the Plaintiff clarified that the Defendant had further provided supplemental comparator data for employees of the Defendant who worked in the Plaintiff's precise job classifications as represented on the Plaintiff's employment history. However, the Plaintiff indicated that she was still unsatisfied with that production. At this time, the Defendant has filed an opposition to the Plaintiff motions. R. Doc. 71. In particular, the Defendant argues that it has now produced all relevant pay data requested by the Plaintiff.

During oral arguments, the Plaintiff clarified that there were three areas of concern with the Defendant's production remaining at this time. First, the Defendant had not produced employee

pay data for other classifications of employees. Second, the Plaintiff sought clarification concerning the employee classifications of "cash office" employees and accounting associates. Third, the Plaintiff sought the production of a support manager employee pay data for 2001 in the Kenner Wal-Mart store (#1342).

## II.      <u>Standard of Review</u>

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity

to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

## III.   Analysis

The Plaintiff has filed the instant motion seeking to compel the production of either the production of: 1) its PeopleSoft and Associate databases for the time periods when Plaintiff worked for Defendant in her various locations of employment, or 2) the individual comparator pay data from Plaintiff's various stores and positions. R. Doc. 64.

The Plaintiff's initial request for all database data for all employees working in the same stores as the Plaintiff from 1999 to 2013 regardless of job classification—or even actual job duties—is an overly broad request. Under Federal Rule of Civil Procedure, discovery must be relevant to a party's particular claim or defense. Here, then, the nature of the request for all data of all employees would go beyond the permissible scope of discovery, and therefore is an overly broad request which should be denied.

4

During oral arguments, the Plaintiff clarified that there were three areas of concern remaining as it related to the Plaintiff's more narrow request. The Court will address each in turn.

### A.   Other Stocker Classifications

First, the Plaintiffs seeks an order to compel the production of all stocking employee data—a total of 12 employee classifications. R. Doc. 64-1, p. p. 8-9.  Because the Plaintiff worked as a stocker, the Plaintiff argues that she should receive pay data for all classifications of stockers rather than just the particular classification of stocker she held.

As noted earlier, in her initial request, the Plaintiff initially requested "an electronic copy of the Defendant's PeopleSoft database and Associate database (as identified in the *Statistical Analysis of Gender Patterns in Wal-Mart Workforce* report by Dr. Richard Drogin) data for all employees  who were employed by Defendant in the same stores as Leal from 1999 through 2013." R. Doc. 64-3, p. 13. After the Defendant objected, the Plaintiff narrowed the request in its Rule 37 letter. Stating that if it was not entitled to the production of the entire PeopleSoft data, the Plaintiff stated that it should receive "the pay rate spreadsheets for all employees who: (a) held the same job code as Plaintiff within her stores from 1999 through the present; (b) all employees Plaintiff identified during her deposition, including her husband, Jose Leal; and (c) all employees who recived the Department Manager, Support Manager, Store Planning, and MIT program promotions for which Plaintiff applied and identified during her deposition." R. Doc. 64-4, p. 3.

As to the stocker position, there appears to be no disagreement that the Defendant has produced the stockers with the same job code as the Plaintiff as requested. However, at this time, the Plaintiff now seeks to compel the production of other stocker classifications beyond the request listed in the Rule 37 letter. This morphed request goes beyond the scope of Rule 37's power to

compel. Federal Rule of Civil Procedure Rule 37(a)(3)-(4) contemplates a party filing a motion to compel where the other party has failed to answer. Here, the Defendant *has* answered the narrowed request. Merely because the Plaintiff now seeks additional information beyond the scope of that narrowed request does not entitle her to an order compelling that production under Rule 37. *See, e.g., Hugo ex. rel. BankAtlantic Bancorp, Inc. v. Levan*, 2009 WL 1758708 at *1 (S.D. Fla. 2009) (denying motion to compel discovery that was not requested).  If the Plaintiff wants the pay data for the other stocker classifications, the Plaintiff should properly make that discovery request. Because the Court finds that the Defendant has not failed to answer the narrowed discovery request as to stockers at this time, the motion to compel is denied to this extent.

### B.      Cash Office vs. Accounting Associate

The Plaintiff argues that the Cash Office employee data is also relevant for the Plaintiff's time spent as an Accounting Associate. However, in its opposition, the Defendant stated that any "Cash Office" data was changed to "Accounting Associate" around 2010, and, therefore, the Defendant has produced all relevant data. R. doc. 71, p. 5-6. Upon learning this, the Plaintiff then requested clarification at oral argument to determine when the switch was actually made given some discrepancies. During oral argument, the Defendant agreed to provide clarification to the Plaintiff no later than January 16, 2017. The Court orders the Defendant to provide this clarification both to the Plaintiff and to the Court (at the Court's email at efile-Roby@laed.uscourts.gov).

### C.      Support Manger Position in 2001 at the Kenner store location (#1342)

Finally, in regards to the Support Managers, the Plaintiff argues that the Defendant should produce pay data for all Support Managers in the Kenner Store during 2001. R. Doc. 64-1, p. 13. While the Plaintiff was classified as a sales associate in the automotive department during that

time, the Plaintiff has testified that she was actually a support manager in the automotive department. *Id.* at p. 12-13. Moreover, as the Plaintiff was the only support manager in that department, the Plaintiff argues that pay data for all support managers should be produced because they would have the same job duties as demonstrated by Wal-Mart's single job description for support managers. R. Doc. 64-6, p. 1. During oral argument, the Defendant argued that the job description provided was from 2010 and that support managers in different departments might have had different duties.

Based on the foregoing, the Court determined that it needed additional information. As such, the Court ordered the Defendant to file a supplemental brief providing the job description for support managers for the relevant time period no later than January 16, 2017.  As such, the motion is taken under submission to this extent.

**IV.**    **Conclusion**

Accordingly,

**IT IS ORDERED** that **Motion to Compel (R. Doc. 64)** is **DENIED IN PART** and **TAKEN UNDER SUBMISSION IN PART**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion is **DENIED** to the extent that she seeks an electronic copy of the Defendant's PeopleSoft database and Associate database data for all employees who were employed by Defendant in the same stores as Leal from 1999 through 2013.

**IT IS FURTHER ORDERED** that the Plaintiff's motion is **DENIED** to the extent that it seeks pay data for other stocker classifications.

**IT IS FURTHER ORDERED** that the Defendant is to provide clarification concerning the classification of Cash Office employees and Accounting Associates to the Court and to the Plaintiff **no later than January 16, 2017.**

**IT IS FURTHER ORDERED** that the Plaintiff's motion is **TAKEN UNDER SUBMISSION** to the extent that the Plaintiff's seeks support manager pay data for 2001 for the Kenner store location. The Defendant is to file a supplemental brief providing the job description for support managers during the relevant time period.

New Orleans, Louisiana, this 5th day of January 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**