UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YALILE LEAL | CIVIL ACTION |
| VERSUS | NO:    15-5768 |
| WAL-MART STORES, INC. | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

### ORDER AND REASONS

Before the Court is a **Motion to Compel (R. Doc. 64)** filed by the Plaintiff, Yalile Leal, seeking an order from the Court to compel Defendant Wal-Mart to supplement its discovery responses. On January 6, 2017, the Court denied the Plaintiff's motion to the extent that she sought an electronic copy of the Defendant's PeopleSoft database and Associate database data for all employees who were employed by Defendant in the same stores as Leal from 1999 through 2013. R. Doc. 75, p. 7. The Court further denied the motion to the extent that it sought pay data for other stocker classifications. *Id.*

As part of the Courts order, the Court took under further submission two aspects of the Plaintiff's motion: (i) the classification of Cash Office employees and Accounting Associates; and (ii) support manager pay data for 2001 for the Kenner store location. *Id.* at p. 8. As part of the Court's consideration of these aspects of the Plaintiff's motion, the Court ordered the Defendant to file a supplemental memorandum addressing these two points. *Id.*

At this time, the Defendant has filed the supplemental memoranda. R. Doc. 77. First, the Defendant explains that "Cash Office Associate" was a colloquial job term that was never an official Wal-Mart title, but was used at the store level. *Id.* at p. 2. The Defendant further explains that Wal-Mart eventually issued a directive to local stores to convert Cash Office Associate into Accounting Associate in part to avoid the danger created by drawing attention to certain

employee's access to cash. *Id.* While the Defendant is unclear as to when this directive was fully implemented, the Defendant suggests that it was done in 2007. *Id.* However, out of caution, the Defendant states that it ran additional searches of pay data using both "Cash Office Associate" and "Accounting Associate" for the time period the Plaintiff held either position. *Id.* at p. 3. The Defendant states that no additional associates have been identified. *Id.* Satisfied with this clarification and the additional, unfruitful search, the Court will deny the motion to compel as it relates to Cash Office/Accounting Associates.

Second, as to support managers, the Defendant was unable to produce a job description for the position of "Support Manager" for the relevant time period. R. Doc. 77, p. 4. However, the Defendant did provided an affidavit detailing that support managers at that time were divided into two divisions: Division 1 Support Managers and Division 6 Support Managers. *Id.* The Defendant states that Division 1 Support Managers supported Assistant Managers throughout the entire store while Division 6 Support Managers worked only in the Tire & Lube Express Department. *Id.* The Defendant has provided a training plan for Division 6 Support Managers that specifies duties related to the automotive nature of the Tire & Lube Express Department. R. Doc. 77-2. Defendant argues that the Plaintiff was only a Division 6 Support Manager, and, as such, the Defendant should not be required to produce Division 1 Support Manager pay data. R. Doc. 77, p. 5.

For Title VII purposes, the "similarly situated employees" prong requires, a plaintiff must show that he was treated less favorably than others "under nearly identical circumstances." *Lee v. Kan. City S. Ry.*, 574 F.3d 253, 259–60 (5th Cir. 2009); *see also Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000) (declining to find "similarly situated employees" who had different job duties); *Perez v. Tex. Dept. of Crim. Justice*, 395 F.3d 206, 213 (5th Cir.2004)

(holding that to satisfy the "similarly situated" requirement, the situations of the plaintiff and the non-protected class member must be more than similar, they must be "nearly identical.").

From the materials provided by the Defendant, the Court is unable to determine at this time that the duties performed by Division 1 Support Managers are so irrelevant at this time to the Plaintiff's claims in connection with her work as a Division 6 Support Manager. As such, the Court finds that the Defendant has not met its burden to resist discovery. *See Arinder v. Lee*, No. 99-1487, 2000 WL 680343, at *2 (E.D. La. May 23, 2000). While the scope of the work performed by Division 1 Support Managers might have been larger, the job content and actual duties performed by support managers from each division might well have been the same. *See Montgomery v. Clayton Homes*, 65 F. App'x 508, 2003 WL 1922917, at *2 (5th Cir. Mar. 25, 2003) (citing *E.E.O.C. v. Hernando Bank, Inc.*, 724 F.2d 1188, 1196 (5th Cir. 1984)); *Culotta v. Sodexo Remote Sites P'ship*, 2011 WL 3268274, at *3 (E.D. La. July 29, 2011) (internal quotation and citation omitted) ("However, the Fifth Circuit has stated that the job content and actual job requirements, not the job title, classification, or description, are determinative regarding whether an individual performed equal work for less pay."). Under Federal Rule of Evidence 26(b)(1), the Plaintiff is entitled to discovery of information relevant to her claim or defense. While this information might ultimately be inadmissible at trial, the Federal Rules do not require such determination at this time. Fed. R. Civ. P. 26(b)(1) ("Information within the scope of discovery need not be admissible in evidence to be discoverable.")

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel (R. Doc. 64)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Plaintiff's motion is **DENIED** as it relates to Cash Office Associates and Accounting Associates.

**IT IS FURTHER ORDERED** that the Plaintiff's motion is **GRANTED** as it relates to support manager pay data. The Defendant must produce pay data for all support managers in Division 1 and Division 6 who held that position at the same time as the Plaintiff.

New Orleans, Louisiana, this 23rd day of January 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**